UNITED STATES DISTRICT COURT
Northern District of Iowa
Western Division

| | |
|---|---|
| CARLOS BARRERA,<br><br>　　　Plaintiff,<br><br>v.<br><br>SOO TRACTOR SWEEPRAKE CO., INC.<br>d/b/a RADIUS STEEL FABRICATION, an<br>Iowa Corporation; DAN JOLIN, Individually;<br>and WES JOLIN, Individually,<br><br>　　　Defendants. | CASE NO. 5:14-cv-4122<br><br><br><br>COMPLAINT AND JURY DEMAND |

COMES NOW Plaintiff Carlos Barrera and hereby set forth the following causes of action against Defendants:

### JURISDICTIONAL ALLEGATIONS

1.      This action is based on the provisions of 42 U.S.C. Section 2000e, et seq., commonly referred to as the Civil Rights Act of 1964 and all amendments thereto, and 42 U.S.C. § 1981.  Subject matter jurisdiction is conferred upon this Court by 42 U.S.C. Section 2000e-5(f) ) and 42 U.S.C. 1981.  The Court has supplemental jurisdiction over Plaintiff Barrera's state law claims pursuant to 28 U.S.C. Section 1367.

### VENUE

2.      The venue is proper pursuant to 42 U.S.C. 2000e-5(f) because it is brought in the judicial district of the State in which the unlawful employment practice was committed. Venue is also proper pursuant to 28 U.S.C. Section 1391(b) because it is brought in a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

3.     Plaintiff Carlos Barrera (hereinafter "Barrera") was at all times material hereto a citizen of the United States, a resident of Woodbury County, Iowa and over twenty-one (21) years of age.  Plaintiff now resides in Nebraska.

4.     Defendant Soo Tractor Sweeprake Co., Inc. d/b/a Radius Steel Fabrication (hereinafter "Soo Tractor") is, and was at all times material hereto, an Iowa  corporation licensed to do business in the State of Iowa and doing business in Woodbury County, Iowa.

5.     Defendant Dan Jolin is, and was at all times material hereto, a resident of Union County, South Dakota, and management support at Soo Tractor Sweeprake Co., Inc. d/b/a Radius Steel Fabrication, who aided and abetted in the discrimination and retaliation described below.

6.     Defendant Wes Jolin is, and was at all times material hereto, a resident of Union County, South Dakota, and a supervisor at Soo Tractor Sweeprake Co., Inc. d/b/a Radius Steel Fabrication, who aided and abetted in the discrimination and retaliation described below.

## CONDITIONS PRECEDENT

7.     Barrera has timely filed a Complaint of Discrimination with the Iowa Civil Rights Commission and the Equal Employment Opportunity Commission (hereinafter EEOC).  (Exhibit "A" attached hereto and is incorporated by reference hereto as if fully set forth herein).

8.     Barrera was issued a Notice of Right to Sue by the Iowa Civil Rights Commission and Equal Employment Opportunity Commission.  (Exhibit "B" and "C", respectively, attached and is incorporated by reference hereto as if fully set forth herein).

9.     The Complaint is filed with this Court within ninety (90) days from the receipt of the Notice of the Right to Sue letters referenced above.

2

10.     Pursuant to Local Rule 10.1(h) personal data identifiers in the attached Exhibits A-C have been partially redacted.

## GENERAL ALLEGATIONS

11.     At all times material hereto, Defendants met the definition of  "Employer" as set forth in 42 U.S.C. Section 2000e-5(b) and Plaintiff was at all times herein set forth an "Employee" within the definition of said section.

12.     On or about October 5, 2012, Barrera was hired by Soo Tractor Sweeprake, Inc.

13.     Beginning on or about October 5, 2012, and continuing to persist until Barrera was constructively discharged on or about June 10, 2013, Barrera was subjected to a discrimination and a hostile work environment due to the behavior of Defendants.

## COUNT I
## HOSTILE WORK ENVIRONMENT AND RACIAL DISCRIMINATION

COMES NOW Plaintiff,  and for his cause of action against Defendants alleges:

14.     Plaintiff realleges paragraphs 1 through 13 set forth above as if fully set forth herein.

15.     At all times material hereto, Defendants required Barrera to work in a hostile atmosphere of discrimination, harassment and retaliation due to his race and ethnic background (Latino).  The discrimination, harassment and retaliation of Barrera includes, but is not limited to, the following:

      (a)     When Barrera started his job he was told by his co-workers that they were surprised that he was hired because he was the first Mexican to work in Assembly.

      (b)     Racial comments such as "that's the minority corner" and "Harlem Nights" were made toward Barrera and he was verbally insulted

because of his race on a frequent basis, which led to a pervasive atmosphere of intimidation because of his race. The discriminating comments were made by Dan Jolin and Wes Jolin who were Plaintiff's supervisors.

(c) Barrera was denied promotions because of discrimination and he was told that he could not transfer to another plant because of his race. Three other co-workers, who all were white, received transfers while Barrera did not.

(d) Barrera was consistently passed over for promotions and advancements, and the jobs were given to white employees.

(e) See Barrera's Complaint to the Iowa Civil Rights Commission for additional examples of discrimination and retaliation as if fully set forth herein.

16.     Barrera complained to Defendants regarding the hostile work environment and discrimination.

17.     Defendants took no remedial measures to stop the hostile behavior or correct the hostile environment.

18.     The conduct of Defendants was an outrageous and unwelcome and unsolicited action of discrimination, hostile work environment and retaliation to Barrera.

19.     At all times material hereto, Defendants knew or should have known of the illegal conduct because of Barrera's complaints.

20.     At all times material hereto, Defendants knew or should have known of the hostile and pervasive atmosphere of harassment, discrimination and retaliation.

4

21. Defendants failed to take prompt and appropriate remedial action to stop the illegal conduct.

22. Barrera objected to Dan Jolin, Wes Jolin and other's comments and behavior on many occasions directly to them and other management level employees of Soo Tractor.

23. As a proximate result of the conduct and actions described above, Barrera was damaged.

24. The conduct and actions described above were intentional or in reckless disregard of the rights of the Barrera herein, entitling Barrera to an award of punitive damages to punish Defendants.

WHEREFORE, Barrera prays that the Court enter judgment against Defendants, declaring the conduct engaged in by Defendants to be in violation of the Barrera's rights and award damages as follows:

a. Plaintiff be awarded damages to compensate, reimburse and make whole the Plaintiff for all the past and present benefits Plaintiff should have received had it not been for Defendant's illegal conduct including but not limited to back pay with interest, front pay, benefits, training, promotions and seniority;

b. Plaintiff be awarded compensation for past and future suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

c. Plaintiff be awarded punitive damages in an amount appropriate to punish Defendant for willful and malicious misconduct and necessary to deter Defendant from engaging in such misconduct in the future;

d. Plaintiff be awarded the costs and expenses of this action and award Plaintiff reasonable attorney's fees as provided in 42 U.S.C. Section 2000e-5(k);

e. Plaintiff be awarded interest provided by law; and

f. Such other and further relief as the Court may deem proper.

## COUNT II
## RETALIATION

25.    Plaintiff repleads paragraphs 1 through 24 set forth above as if fully set forth herein.

26.    Barrera complained to his supervisors and to the Human Resources Department and others regarding the hostile work environment created by Dan Jolin, Wes Jolin, and others.

27.    Defendants did nothing to address those complaints, and instead retaliated against Barrera, including increased harassment and discrimination, leading up to his constructive discharge.

WHEREFORE, Barrera prays that the Court enter judgment against Defendants, declaring the conduct engaged in by Defendants to be in violation of Barrera's rights and award damages as follows:

a.    Plaintiff be awarded damages to compensate, reimburse and make whole the Plaintiff for all the past and present benefits Plaintiff should have received had it not been for Defendants' illegal conduct including but not limited to back pay with interest, front pay, benefits, training, promotions and seniority;

b.    Plaintiff be awarded compensation for past and future suffering, emotional distress, loss of enjoyment of life and other non-pecuniary losses;

c.    Plaintiff be awarded punitive damages in an amount appropriate to punish Defendant for willful and malicious misconduct and necessary to deter Defendant from engaging in such misconduct in the future;

d.    Plaintiff be awarded the costs and expenses of this action and award Plaintiff reasonable attorney's fees as provided in 42 U.S.C. Section 2000e-5(k); and

e.    Such other and further relief as the Court may deem proper.

## COUNT III
## SUPPLEMENTAL STATE CLAIM
## IOWA CODE CHAPTER 216

COMES NOW Plaintiff, and for his cause of action against Defendant, and alleges:

6

28.     Plaintiff repleads paragraphs 1 through 27 set forth above as if fully set forth herein.

29.     Defendants' discrimination and retaliation against Barrera constitutes a violation of Iowa Code Chapter 216, entitling her to relief under Iowa law.

30.     This Court has supplemental jurisdiction over Barrera's state law claim pursuant to 28 U.S.C. 1367(a).

WHEREFORE, Barrera prays that the Court enter judgment against Defendants, declaring the conduct engaged in by Defendants to be in violation of the Plaintiff's rights and award damages as follows:

a.     Plaintiff be awarded compensatory damages to compensate, reimburse and make whole the Plaintiff, including, but not limited to, past and future suffering, emotional distress, loss of enjoyment of life and other losses;

b.     Plaintiff be awarded the costs and expenses of this action and award Plaintiff reasonable attorney's fees; and

c.     Such other and further relief as the Court may deem proper.

## JURY DEMAND

COMES NOW Plaintiff and demands a trial by jury of all issues.

Respectfully submitted this 18th day of December, 2014.

MUNGER, REINSCHMIDT & DENNE, L.L.P.


By:____/s/_____
       Stanley E. Munger (AT0005583)
       Jay E. Denne (AT0002028)
600 Fourth Street, Suite 303
P. O. Box 912
Sioux City, IA 51102
(712) 233-3635
(712) 233-3649 (fax)
ATTORNEYS FOR PLAINTIFFS

Barrera, carlos/pleadings/complaint